**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CARL NELSON HOOKER,**

**PLAINTIFF,**

**VS.**                                                      **CIVIL ACTION NO.**_____

**UNITED STATES OF AMERICA on behalf of its Department and
Agency, the UNITED STATES DEPARTMENT OF JUSTICE, and
FEDERAL BUREAU OF PRISONS,**

**DEFENDANT.**

> ELECTRONICALLY
> FILED
> 8/19/2022
> U.S. DISTRICT COURT
> Northern District of WV
>
> 5:22-CV-200
>
> Bailey/Mazzone/Rubenstein

<u>**FEDERAL TORT CLAIM ACT COMPLAINT**</u>

NOW COMES, the plaintiff, Carl Nelson Hooker, by and through his counsel, Chad C. Groome and Angotti & Straface, L.C., and Martin P. Sheehan and Sheehan & Associates, PLLC, and for his Complaint against the defendant, United States of America on behalf of its department and agency, United States Department of Justice, and the Federal Bureau of Prisons, pursuant to **28 U.S.C. § 2671, *et seq.*,** hereby alleges as follows:

<u>**PARTIES & JURISDICITON**</u>

1. Your plaintiff, Carl Nelson Hooker, is a resident of 421 Clinton Avenue, Moundsville, Marshall County, West Virginia 26041, within the boundaries of the Northern District of West Virginia.

2. Your defendant, United States of America on behalf of its department and agency the United States Department of Justice, and the Federal Bureau of Prisons (hereinafter sometimes collectively referred to as "BOP"), which, upon information and belief, does oversee and operate the system of federal prisons in the United States.

3. At all times material and relevant, your plaintiff, Carl Nelson Hooker, was incarcerated as an inmate with the defendant, BOP, and was placed and/or located at the 446 Greenbag Road, Route 857, Morgantown, WV 26501.

4. The acts and/or omissions of the defendant, BOP, and/or damages and injuries of the plaintiff, Carl Nelson Hooker, occurred in Morgantown, Monongalia County, West Virginia.

5. The United States District Court for the Northern District of West Virginia has subject matter jurisdiction over the claim(s) in the Complaint and may properly exercise personal jurisdiction over the defendant, BOP.

6. The United States District Court for the Northern District of West Virginia is a proper venue for the subject civil action. **See 28 U.S.C. § 1402.**

7. The instant action is an action brought pursuant to the *Federal Tort Claims Act*, **28 U.S.C. § 2671, *et seq.***

8. The plaintiff, Carl Nelson Hooker, has exhausted and complied with all pre-suit administrative claim requirements of the *Federal Tort Claims Act*, **28 U.S.C. § 2671, *et seq.* and 28 C.F.R. 543.31** including the providing of a proper pre-suit claim to the defendant, BOP.

9. The defendant, BOP, has provided a disposition, in accordance with **28 U.S.C. § 2675**, on February 23, 2022, thereby permitting and authorizing the plaintiff, Carl Nelson Hooker, to file the instant matter within six months of that date. *See Exhibit 1.*

10. The instant action is timely filed pursuant to the provisions *Federal Tort Claims Act.*

## **RELEVANT FACTS**

11. On or about January 13, 2020, the plaintiff, Carl Nelson Hooker, was incarcerated with the defendant, BOP, at the Federal Correctional Institution – Morgantown.

12. At that time and on said date, plaintiff, Carl Nelson Hooker, was in poor physical condition or health and/or was otherwise disabled, and required the use of a wheelchair to ambulate in or about the campus of the prison.

13. On a prior date, the defendant, BOP, did house the plaintiff, Carl Nelson Hooker, in or about a portion or section of the facility designed or utilized for handicapped inmates.

14. Within the handicapped facility, the plaintiff, Carl Nelson Hooker, had access to and use of showers equipped and designed for safe usage by handicapped inmates.

15. Moreover, the defendant, BOP, did provide an aide to service and assist the plaintiff, Carl Nelson Hooker, due to his poor physical condition, poor health and/or openly-perceivable handicap or disability and/or its knowledge of the same.

16. As an inmate and incarcerated with defendant, BOP, the plaintiff, Carl Nelson Hooker, was more than an invitee or licensee occupant of the premises, but was a compelled resident unable to lawfully leave the premises of Federal Correctional Institution – Morgantown.

17. At all times material and relevant, the defendant, BOP, did know or should have known of the poor physical condition, poor health and/or openly-perceivable handicap or disability of the plaintiff, Carl Nelson Hooker, while he was a compelled resident of the Federal Correctional Institution – Morgantown.

18. Despite plaintiff Carl Nelson Hooker's condition, the defendant, BOP, did reassign Mr. Hooker from handicapped housing to non-handicapped housing.

19. The non-handicapped housing provided an objectively unsafe living condition to plaintiff, Carl Nelson Hooker, in his then poor physical condition, poor health and/or openly-perceivable handicap or disability.

20. The defendant, BOP, knew or should have known that the reassignment of plaintiff, Carl Nelson Hooker, from handicapped to non-handicapped housing posed a direct and foreseeable risk of harm and danger to Mr. Hooker.

21. The non-handicapped housing unit at the Federal Correctional Institution – Morgantown, wherein plaintiff, Carl Nelson Hooker, was reassigned were not fit, safe, nor suitable for handicapped inmates.

22. Moreover, the shower stalls at the non-handicapped housing unit at the Federal Correctional Institution – Morgantown, wherein plaintiff, Carl Nelson Hooker, was reassigned were also unsafe and dangerous for the use of handicapped inmates, such as Mr. Hooker.

23. As a compelled resident of the Federal Correctional Institution – Morgantown, the plaintiff, Carl Nelson Hooker, was forced by the circumstances to use the bathroom and shower facilities provided to him for the care of his hygiene and health.

24. On or about January 13, 2020, the plaintiff, Carl Nelson Hooker, used a shower stall at the non-handicapped housing unit at the Federal Correctional Institution – Morgantown to which he had been transferred to bathe or shower.

25. Upon information and belief, the aforesaid shower shall was not equipped with fixtures or adequate fixtures for the safe and proper use by handicapped inmates, such as plaintiff, Carl Nelson Hooker, to use safely.

26. Upon information and belief, the aforesaid shower shall was in such a condition that it could not be utilized safely and properly by handicapped inmates, such as plaintiff, Carl Nelson Hooker.

27. As a compelled resident of Federal Correctional Institution – Morgantown, the plaintiff, Carl Nelson Hooker, was unable to freely move about and within the premises of the facilities and was, likewise, unable to freely access shower stalls designed for use by handicapped residents.

28. The defendant, BOP, knew or should have known that the aforesaid shower stall was not equipped with fixtures or adequate fixtures for the safe and proper use by handicapped inmates and/or was otherwise unsafe for use in its condition by handicapped inmates.

29. Despite the foregoing, and with actual and/or constructive knowledge of the handicapped condition of the plaintiff, Carl Nelson Hooker, the defendant, BOP, did expose Mr. Hooker to said danger.

30. As a direct and proximate result of the same, due to his handicapped condition and/or the condition of the subject shower stall, the plaintiff, Carl Nelson Hooker, did fall and strike his head, neck, and other portions of his body upon the shower stall frame and/or flooring.

31. As a direct and proximate result of the same, the plaintiff, Carl Nelson Hooker, did suffer injuries, conditions and aggravations to his person and psyche requiring

5

medical treatment, such as, but not limited to, injuries to his neck, shoulder, upper back, lower back and hips.

32. As a direct and proximate result of the same, the plaintiff, Carl Nelson Hooker, was provided medical care and has underwent continuing medical care for these injuries, conditions and/or aggravations.

## COUNT I

### Negligence

33. The plaintiff, Carl Nelson Hooker, incorporates by reference paragraphs One (1) through Thirty-Two (32) of the Complaint as if set forth fully herein.

34. The defendant, BOP, did owe the plaintiff, Carl Nelson Hooker, a common law, statutory and/or regulatory duty of care, as a compelled resident of the premises, to maintain, design and keep its facilities located at the Federal Correctional Institution – Morgantown, in a reasonably safe condition for its use by inmates and/or handicapped inmates and free from dangerous and unsafe conditions.

35. Alternatively, the defendant, BOP, did owe the plaintiff, Carl Nelson Hooker, a duty of care to refrain from acts and/or omissions which it knew or reasonably should have known would result in foreseeable harm to others, including the plaintiff, Carl Nelson Hooker.

36. The defendant, BOP, did breach said duties owed to the plaintiff, Carl Nelson Hooker, and committed negligence against him in one or more of the following particulars:

    a.  Negligent design of a shower stall;

    b.  Negligent design of shower shall for handicapped use;

c.  Negligent maintenance and/or cleaning of a shower stall and/or shower stall for handicapped use;

d.  Requiring handicapped inmates and/or compelled residents to use shower stalls unfit or unsafe for use by handicapped inmates and/or compelled residents;

e.  Housing handicapped inmates and/or compelled residents in a residential unit that is not suitable or safe for handicapped inmates and is without handicapped shower facilities;

f.  Failing to provide accommodations to a known handicapped inmate and/or compelled resident for the safe usage of showers and/or bathroom facilities;

g.  Failure to house or integrate an inmate and/or compelled resident of the subject facility in a setting most appropriate for their needs;

h.  Failure to adhere to and/or adopt standards, policies, regulations and/or procedures for the appropriate care of and providing of safe facilities to compelled handicapped inmates and/or compelled residents; and/or

i.  Failure to use due care, generally.

37. As a direct and proximate result of the negligent of defendant, BOP, the plaintiff, Carl Nelson Hooker, did suffer injuries, conditions and/or aggravations to his body and psyche requiring medical treatment.

38. The plaintiff, Carl Nelson Hooker, is not comparatively at fault for his injuries, conditions and/or aggravations and did not contribute to the same.

39. As a direct and proximate result of the negligent of defendant, BOP, the plaintiff, Carl Nelson Hooker, did suffer damages, including but not limited to physical pain

and suffering, mental and emotion distress, loss of enjoyment of life, loss of the ability to fully function as a person, annoyance, inconvenience, and other general and special damages for which he should be compensated.

40. The plaintiff, Carl Nelson Hooker, is reasonably certain to continue to suffer damages into the future, including, but not limited to physical pain and suffering, mental and emotion distress, loss of enjoyment of life, loss of the ability to fully function as a person, annoyance, inconvenience, and other future general and special damages for which he should be compensated.

## COUNT II

### Breach of Special Duty of Care

41. The plaintiff, Carl Nelson Hooker, incorporates by reference paragraphs One (1) through Thirty-Two (32) of the Complaint as if set forth fully herein.

42. The defendant, BOP, did owe the plaintiff, Carl Nelson Hooker, a special or heightened duty of care at common law, and/or expressly or impliedly by statute and/or regulation, as a compelled resident of the premises, to maintain, design and keep its facilities located at the Federal Correctional Institution – Morgantown, in a reasonably safe condition for its use by inmates and/or handicapped inmates and free from dangerous and unsafe conditions.

43. Alternatively, the defendant, BOP, did owe the plaintiff, Carl Nelson Hooker, the plaintiff, Carl Nelson Hooker, a special or heightened duty of care at common law, and/or expressly or impliedly by statute and/or regulation, as a handicapped compelled resident of the premises to maintain, design and keep its facilities located at the Federal Correctional Institution – Morgantown, in a reasonably safe

8

condition for its use by inmates and/or handicapped inmates and free from dangerous and unsafe conditions and/or to otherwise provide him with accommodations to permit his safe usage of the same.

44. The defendant, BOP, did breach said duties owed to the plaintiff, Carl Nelson Hooker, and committed negligence and/or a breach of a special or heightened duty of care against him in one or more of the following particulars:

a. Negligent design of a shower stall;

b. Negligent design of shower shall for handicapped use;

c. Negligent maintenance and/or cleaning of a shower stall and/or shower stall for handicapped use;

d. Requiring handicapped inmates and/or compelled residents to use shower stalls unfit or unsafe for use by handicapped inmates and/or compelled residents;

e. Housing handicapped inmates and/or compelled residents in a residential unit that is not suitable or safe for handicapped inmates and is without handicapped shower facilities;

f. Failing to provide accommodations to a known handicapped inmate and/or compelled resident for the safe usage of showers and/or bathroom facilities;

g. Failure to house or integrate an inmate and/or compelled resident of the subject facility in a setting most appropriate for their needs;

h. Failure to adhere to and/or adopt standards, policies, regulations and/or procedures for the appropriate care of and providing of safe facilities to compelled handicapped inmates and/or compelled residents; and/or

9

i.   Failure to use due care, generally.

45. As a direct and proximate result of the negligent of defendant, BOP, the plaintiff, Carl Nelson Hooker, did suffer injuries, conditions and/or aggravations to his body and psyche requiring medical treatment.

46. The plaintiff, Carl Nelson Hooker, is not comparatively at fault for his injuries, conditions and/or aggravations and did not contribute to the same.

47. As a direct and proximate result of the negligent of defendant, BOP, the plaintiff, Carl Nelson Hooker, did suffer damages, including but not limited to physical pain and suffering, mental and emotion distress, loss of enjoyment of life, loss of the ability to fully function as a person, annoyance, inconvenience, and other general and special damages for which he should be compensated.

48. The plaintiff, Carl Nelson Hooker, is reasonably certain to continue to suffer damages into the future, including, but not limited to physical pain and suffering, mental and emotion distress, loss of enjoyment of life, loss of the ability to fully function as a person, annoyance, inconvenience, and other future general and special damages for which he should be compensated.

**WHEREFORE**, the plaintiff, Carl Nelson Hooker, by and through his undersigned counsel respectfully demands judgment against the defendant, United States of America on behalf of its department and agency, United States Department of Justice, and the Federal Bureau of Prisons, for all compensatory damages he is entitled to by law and as the *Federal Tort Claims Act* may permit, in an amount to make him whole for his injuries, conditions and/or aggravations caused by the negligence and/or breach of special duties of care by defendant, United States of America on behalf of its department and agency,

10

United States Department of Justice, and the Federal Bureau of Prisons, subject to any limitations as may be provided by the *Federal Tort Claims Act,* and for such additional damages and/or favorable relief as the Court deems just and appropriate.

Respectfully Submitted,

CARL NELSON HOOKER,
Plaintiff,

BY:   */s/ Martin P. Sheehan*
MARTIN P. SHEEHAN, ESQUIRE (#4812)
SHEEHAN & ASSOCIATES, PLLC
1 Community Street
Wheeling, WV 26003
Phone: (304) 232-1064
Facsimile: (304) 232-1066
martin@msheehanlaw.net

AND

BY:   */s/ Chad C. Groome*
CHAD C. GROOME, ESQUIRE (#9810)
ANGOTTI & STRAFACE, LC
274 Spruce Street
Morgantown, WV 26505
Phone: (304) 292-4381
Facsimile: (304) 292-7775
chadgroome@angottistrafacelaw.com
*Of Counsel for Plaintiffs*